Filed 12/12/22 P. v. Henry CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN HENRY, JR.,<br><br>    Defendant and Appellant. | C091428<br><br>(Super. Ct. No. 13F04938)<br><br>OPINION ON TRANSFER |

This case returns to us on transfer with directions from our Supreme Court.

A jury found defendant Kevin Henry, Jr., guilty of first degree murder occurring during a robbery in 2013. The jury also found a true robbery-murder special circumstance. Defendant petitioned the trial court for resentencing under what is now Penal Code section 1172.6[1] based on changes made to the felony-murder rule by Senate

---

[1] Undesignated statutory references are to the Penal Code.

1

Bill No. 1437 (2017-2018 Reg. Sess.). The trial court denied defendant's petition, finding the record established defendant was ineligible for resentencing because the jury found the special circumstance true. On appeal, defendant argues the trial court erred in relying on the special circumstance finding to disqualify him for relief. We disagreed in our original opinion filed July 26, 2021, and affirmed the order.

Defendant petitioned our Supreme Court for review; that court has now directed us to reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698. Having done so, we agree with the parties that the trial court's order denying the petition must be reversed and the matter remanded for further proceedings consistent with this opinion.

BACKGROUND

We take the basic facts of defendant's case from our opinion in his original appeal. (*People v. Henry* (Aug. 1, 2018, C077813) [nonpub. opn.] (*Henry*).)[2] In August 2013, defendant and Devon Roberson-Anderson went to buy a large amount of marijuana from Colen Lugo, arranged by Gregory K. Gregory K. testified that after Lugo showed Roberson and defendant the marijuana, Gregory K. saw Henry try to take the marijuana and then both Henry and Roberson reached for their waist. One of them, Gregory K. could not remember which, pulled out a gun. Gregory K. dove to the ground and then heard a gunshot. Defendant then turned Gregory K. over and took things from his pockets at gunpoint before fleeing with Roberson. (*Henry*, C077813.)

---

Effective June 20, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering.

[2] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

Lugo died at the scene from a gunshot wound. Gregory K. and other witnesses could not testify as to who shot Lugo. Defendant and Roberson both testified, and both denied shooting Lugo. (*Henry, supra*, C077813.)

The jury found defendant and Roberson guilty of first degree murder (§ 187 subd. (a)) and two counts of robbery (§ 211). The jury also found true allegations the murder was committed while defendants were engaged in the commission of a robbery (§ 190.2, subd. (a)(17)), found defendant guilty of being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and found that both defendant and Roberson personally used a firearm in the commission of all three crimes (§ 12022.53, subd. (b)). The trial court also found true allegations defendant had two prior convictions within the meaning of sections 667, subdivisions (b)-(i) and 1170.12. The trial court sentenced defendant to life without the possibility of parole, plus an additional 70 years to life in state prison. (*Henry, supra*, C077813.)

Defendant appealed and we remanded for the trial court to exercise its discretion to strike the firearm enhancements under section 12022.53, subdivision (h). (*Henry, supra*, C077813.) In July 2019, the trial court declined to strike defendant's firearm enhancements.

In February 2019, defendant filed a petition for resentencing under what is now section 1172.6 alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or act with reckless indifference to human life. The prosecution filed a response and a motion to dismiss and defendant's counsel filed an opposition. In December 2019, the trial court denied defendant's petition, stating that because the jury found the special circumstance true under section 190.2, subdivision (a)(17), "the jury necessarily found that [defendant] was either the actual killer, acted with intent to kill, or was a major

3

participant in the underlying crime who acted with reckless indifference to human life." As described above, we initially affirmed the order denying defendant's petition.

## DISCUSSION

Defendant originally argued the trial court erred in relying on the jury's special circumstance finding to establish he was a major participant who acted with reckless indifference to human life because our Supreme Court clarified the special circumstances analysis after his conviction in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. In supplemental briefing, the People now agree.

The Legislature enacted and the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), effective January 1, 2019 (Stats. 2018, ch. 1015, § 4), determining that the change in law was " 'necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) As pertinent here, Senate Bill No. 1437 added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.) Thus, on its face, a special circumstance

4

finding satisfies the requirements for accomplice murder liability even after Senate Bill No. 1437. (§ 189, subd. (e).)

Since defendant's conviction, however, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark* and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179.)

After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong, supra*, 13 Cal.5th at p. 710.) Here, the trial court concluded that the jury's pre-*Banks* and *Clark* findings precluded defendant from making a prima facie case. Because this conclusion does not survive *Strong*, we will reverse the trial court's order and remand for further proceedings consistent with this opinion.[3]

---

[3] Defendant also faults his counsel for failing to raise an argument under *Banks* and *Clark*. Because we are reversing, we need not address this argument.

## DISPOSITION

The order denying defendant's petition is reversed, and the cause is remanded with directions to conduct further proceedings consistent with this opinion.

/s/
_____
Duarte, Acting P. J.

We concur:

/s/
_____
Renner, J.

/s/
_____
Boulware Eurie, J.